McELIGOT AND CHENOWETH COMPANY, A CORPORATION, AND BANK OF NUTLEY, A CORPORATION, ASSIGNEE, PLAINTIFFS, v. THE TOWN OF NUTLEY, IN THE COUNTY OF ESSEX, DEFENDANT.

Argued June 4, 1918—Decided September 17, 1918.

1. A plaintiff is required to present all the facts, existing at the time of the commencement of his action and which relate to the subject-matter of such action and are essential to his right of a recovery, or be forever barred from doing so after the issues presented have been tried out and final judgment given upon the merits of the case.

2. A judgment in a former case between the same parties relating to the same subject-matter settles all matters which came before the court under the pleadings, and also every other ground which might have been presented.

On case certified.

Before Justices BERGEN, KALISCH and BLACK.

For the plaintiffs, *John A. Matthews* and *Reed & Reynolds.*

For the defendant, *J. Harry Hull.*

The opinion of the court was delivered by

KALISCH, J.   The plaintiff McEligot and Chenoweth, a corporation, brought an action against the defendant, in this court, on the fourth day of December, 1916, to recover a balance of $9,850.39 alleged to be due it on a contract and a

supplemental one for extra work, entered into by them, whereby the plaintiff agreed to construct a main trunk vitrified pipe sanitary sewer through certain streets in the town of Nutley, according to plan and specifications prepared by the town engineer.

The contract contained a stipulation that the evidence of the completion of the work shall be a written certificate of the town engineer and a favorable report of the director of the department of streets and public improvements of the town to that effect; and the town was to pay the amount that may become due under the contract, as follows: "Ninety-five per cent. of the entire cost when the work was completed according to specifications and the engineer's certificate and the director of the department of streets and public improvements of the town, thereto rendered."

The complainant alleged in its complaint that the director of streets and public improvements had certified the payments of the balance due under the original contract and the supplemental contract for extra work.

The defendant, in its answer, denied that there was any balance due to the plaintiff either, under the contract, or for extra work, labor or materials; denied making or authorizing any contract to be made with plaintiff for extra work; denied that the town engineer or the director of public improvements ordered the plaintiff to perform any extra work or labor or to furnish extra materials as claimed by the plaintiff in its complaint; denied that the plaintiff had fully performed and completed the work under the contract; denied that the work was done in a proper and workmanlike manner and that the former engineer of the town and the director of streets and public improvements had certified the payments of any alleged balance due from the defendant to the plaintiff. As a defence to the plaintiff's action the defendant set forth in its answer that the work set out in the contract was not completed in good and workmanlike manner and that the work was still incomplete and unfinished, and that the contract provides: "That the evidence of the completion of the said work shall be a written certificate of the engineer appointed by the town

and the favorable report of the director of the department of streets and public improvements of the town of Nutley to that effect;" and that no favorable report of the director of the department of streets and public improvements had been obtained by the plaintiff as required by the contract before the action was brought. The defendant also set up three counter-claims aggregating in amount to $23,000. These counter-claims were founded upon damages alleged to have been sustained by the defendant, by reason of alleged improper construction of the sewer and the negligent and unworkmanlike manner in which the work was done, and the general inefficiency of the sewer to accomplish the purpose of its construction, by reason of careless and improper workmanship.

The cause came on for trial before Judge Adams, sitting with a jury, who, at the close of the case, directed a verdict in favor of the defendant upon the plaintiff's cause of action, and the counter-claim was submitted to the jury, who returned a verdict on the counter-claim in favor of the plaintiff.

The trial judge certifies to this court the record of the former case, designated as Exhibit D-1, and asks for an advisory opinion, in the present case, on the following stated facts: "The plaintiff in a former suit, of which Exhibit D-1 is the record, alleged that the favorable report of the director of streets and public improvements provided for in the contract sued on had been given; a verdict was directed therein for defendant because no such certificate had actually been given, upon which verdict judgment was duly entered and costs taxed and paid and said judgment canceled; the plaintiffs in this suit are seeking to recover the same amount claimed in the former suit under the same contract, but allege that such certificate of the director of streets and public improvements is fraudulently withheld; that no new fact has intervened between the last suit and the present suit upon the question of fraud, except that a new demand has been made upon the present director of streets and public improvements, who is a person who was in office at the time of the alleged completion of the contract, but who is not the

man who held the office of director of streets and public improvements during the time when the greater part of the work under the contract was done and who supervised such work as was done during his incumbency of the office."

The question raised by these facts, and upon which the advisory opinion of this court is requested is, whether or not the judgment in the former suit is *res adjudicata* of the issues involved in this present action.

In the first action the plaintiff averred in its complaint, that the director of streets and public improvements had certified the payments of the balance due from defendant to plaintiff under the original contract and the supplemental contract for extra work and that, nevertheless, the defendant refused and still refuses to pay; and in the present action the plaintiffs aver that the director of streets and public improvements willfully, maliciously and fraudulently withheld and withholds such certificate, and this latter averment marks the only difference between the two actions.

The record shows that one of the issues presented at the first trial was, whether or not the director of streets and public improvements had certified the payments due, and that that issue was tried out and disposed of adversely to the plaintiff's claim. The plaintiff was aware that it was incumbent upon it to prove, before it was entitled to a recovery against the defendant, that such certificate had been issued or was withheld fraudulently by the director of streets and public improvements. It must have known that no such certificate was issued, and, therefore, in proceeding to trial under the state of the pleadings, it did so at its peril. Besides it was open to the plaintiff, at the first trial, to amend its complaint to conform with the facts or to submit to a nonsuit, but this apparently it did not see fit to do.

A plaintiff is required to present all the facts, existing at the time of the commencement of his action and which relate to the subject-matter of such action and are essential to his right of a recovery or be forever barred from doing so, after the issues presented have been tried out and final judgment given upon the merits of the case.

All the facts which are now set out in the complaint filed in the present case were known to the plaintiff at the time it commenced its first action and no new fact has intervened between the first and the present action that tends to change the original situation. It is clear that the plaintiff might have presented the ground which it now alleges as a basis for recovery in the first action.

The legal rule is well settled that a judgment in a former case between the same parties relating to the same subject-matter settles all matters which came before the court under the pleadings, and also every other ground which might have been presented. *Cromwell* v. *Sac.*, 94 *U. S.* 351; *Roney* v. *Westlake*, 216 *Pa. St.* 374; *Dickinson* v. *D., L. & W. R. Co.*, 90 *N. J. L.* 158.

The plaintiff in the present case is in no position to properly complain of any hardship imposed upon it, since, if any hardship there be, it is clearly the result of its own act.

It is not out of place to mention here, that the plaintiff was under no legal obligation to accept the fruits of the judgment rendered in its favor upon the defences set up and the counter-claims, and might have applied to the court for a rule to show cause why the judgment should not be vacated and the verdict of the jury set aside, and upon the hearing of the rule it would have been free to present such facts which the court could properly consider and deal with, in the exercise of a sound discretion, whether or not a new trial should be granted.

As the matter now stands there is a judgment record in the same cause of action in which the present issue tendered by the pleading was known to the plaintiff, at the first trial, and might have been presented but was not, and that being so, the trial judge is advised that such judgment is *res adjudicata* of the question now raised by the present pleading.